UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VISHAL BHAMMER,

      Plaintiff,

v.

LOOMIS SAYLES & COMPANY, INC.,

      Defendant.

Civil action No: 1:15-cv-14213-FDS

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER
## AS TO CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto, and ordered by the Court, that the following provisions shall govern disclosure and use of all documents, testimony, answers to interrogatories and other information produced or given by the parties in the course of pre-trial discovery in this action ("Discovery Materials"):

    1.    The parties anticipate that Discovery Materials may include documents or information which may constitute a trade secret, proprietary or confidential business information, contain personally identifiable information (such as Social Security numbers), implicate the privacy rights of third parties or contain information which one or more of the parties is required by law to maintain as confidential. Any party or non-party producing or giving Discovery Materials may in good faith designate any such materials or portions thereof as being subject to the provisions of this Stipulation and Order by means of a stamp or other designation on the documents of the word "CONFIDENTIAL." Notwithstanding the foregoing, a cover letter may be used to designate certain information, such as computer data, where

B4616018.1

stamping would be impractical or impossible. Any designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition, such designations shall be made within 10 days after the transcript of such deposition is available; (b) a party may, within ten days of receipt of the Discovery Materials, by written notice to the other party, designate as "CONFIDENTIAL" any Discovery Materials produced or given by the other party or by a non-party but not designated "CONFIDENTIAL" by that other party or non-party; and (c) a reasonable extension of any applicable time period hereunder may be agreed to among counsel for the respective parties.

2. Unless otherwise ordered by this Court, the parties and their counsel shall not in any manner, directly or indirectly, use, transfer or communicate, orally or in writing, any part or all of the Discovery Materials designated "CONFIDENTIAL" produced to them other than for purposes directly related to the litigation of this dispute. Discovery Materials designated as "CONFIDENTIAL" shall be maintained in confidence by the counsel of record for the party to whom such materials are produced or given and shall not be disclosed by such counsel to any person except:

(a) counsel of record for the party to whom such Discovery Materials are produced or given, including co-counsel of record and the legal associates, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

(b) the party;

(c) the Court, including any court personnel;

(d) a court reporter retained in this matter;

(e) a witness testifying under oath in this matter;

 (f) experts consulted or retained to testify at the trial of this case; and

 (g) any other person upon written consent from counsel for the party which produced, gave or designated such Discovery Materials as "CONFIDENTIAL."

However, if any Discovery Materials designated as "CONFDIENTIAL" are to be disclosed to any expert pursuant to paragraph 2(f), such person must first be provided a copy of this Stipulation and Order and must agree in writing to be bound by its terms prior to gaining access to such documents or information by executing a copy of the attached Exhibit A.

 3. Nothing herein shall prohibit any party from:

 (a) using Discovery Materials designated as "CONFIDENTIAL" or from referring to or reciting any information contained in such materials, in connection with any trial, hearing, motion, appeal, or other proceeding in this action, provided that before filing any Discovery Materials designated as "CONFIDENTIAL", a party shall seek permission to file the materials under seal;

 (b) utilizing any Discovery Materials designated as "CONFIDENTIAL" in the course of a deposition, provided that in the case of any individual who is not an employee of a party to this action or who did not execute Exhibit A prior to the deposition, the witness shall be furnished with a copy of this Stipulation and Order and shall be requested to execute a copy of the attached Exhibit A. If such witness refuses to execute Exhibit A, the use of any Discovery Materials marked as "CONFIDENTIAL" in the deposition shall not be a waiver of confidentiality, but the witness shall not be permitted to retain copies of such Discovery Materials;

(c) disclosing Discovery Materials designated as "CONFIDENTIAL" to any third party engaged in the business of making copies or processing documents for litigation (*e.g.*, Kinko's), solely for the purpose of copying or processing for the litigation; or

(d) disclosing Discovery Materials marked as "CONFIDENTIAL" to any other non-party witness, consultant or expert, provided that the individual is furnished with a copy of this Order and required to execute a copy of the attached Exhibit A prior to being given access to any such Discovery Materials.

4. Except as otherwise provided in Paragraphs 2 and 3 of this Agreement, Discovery Materials marked as "CONFIDENTIAL", and any copies, abstracts, or summaries thereof, shall be retained in the exclusive custody of the other parties' attorneys (including in-house counsel) at all times during the pendency of the litigation.

5. Any party receiving Discovery Materials which include information protected by state or federal data privacy laws, agrees that its collection, access, use, storage, disposal and disclosure of Discovery Materials marked as "CONFIDENTIAL" does and will comply with all such applicable state and federal data privacy and protection laws.

6. Within 60 days after the final determination of this action (i.e. after all appellate rights have been exhausted), and upon written request, the receiving party shall return all Discovery Materials marked as "CONFIDENTIAL", and any copies, abstracts, or summaries thereof, to the disclosing parties' attorneys of record, or confirm that it/they has/have been destroyed. This paragraph shall not apply to court filings or to any documents falling within the work product privilege that are maintained in the exclusive custody of the attorneys of the party seeking disclosure (including in-house counsel).

7. In the event that a receiving party inadvertently discloses Discovery Materials marked as "CONFIDENTIAL", such party shall provide written notification of the inadvertent disclosure to the producing party and shall seek the immediate return of the information. In the event that any party inadvertently discloses confidential documents or information without designating such material as "CONFIDENTIAL," the parties agree that such disclosure shall not constitute a waiver of confidentiality. In the event that any party inadvertently produces documents or information subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and the parties agree that the receiving party shall return such materials and any copies thereof.

8. Nothing herein shall prevent a receiving party from challenging the designation of any Discovery Materials as "CONFIDENTIAL." The parties will confer in good faith regarding any dispute under this Stipulation and Order prior to bringing a motion before the Court. Any party hereto may, upon duly noticed motion, challenge the treatment as "CONFIDENTIAL" of particular information, documents or things or seek relief from or modification of this Order. If such a challenge is made, or such relief or modification is sought, the designating party shall bear the burden of proving the appropriateness of confidential treatment and the party making the challenge or seeking the relief or modification shall bear the burden of proving the appropriateness of such relief.

9. In the interest of keeping discovery moving, the parties agree that after they have jointly moved for entry of this Stipulation and Order, they will conduct discovery as if this Stipulation and Order has been approved, and the parties agree to comply with the

terms of this Stipulation and Order while waiting for the Court to approve it. Any information, documents, or things deemed "CONFIDENTIAL" and produced prior to the approval of this Stipulation and Order will be subject to the Stipulation and Order once it is approved.

| COUNSEL FOR VISHAL BHAMMER | COUNSEL FOR LOOMIS SAYLES & COMPANY, INC. |
|---|---|
| /s/ Barbara A. Robb | /s/ Matthew Baltay |
| Barbara A. Robb, (BBO#639976) | James W. Bucking, (BBO#558800) |
| Patrick J. Hannon, (BBO#664958) | Matthew C. Baltay, (BBO#638722) |
| Hartley Michon Robb, LLP | Allison L. Anderson, (BBO#687662) |
| 155 Seaport Boulevard, 2nd Floor | FOLEY HOAG LLP |
| Boston, MA 02210 | 155 Seaport Boulevard |
| (617) 723-8000 | Boston, MA 02210 |
| Attorneys for Plaintiff | (617) 832-1000 |
| | Attorneys for Defendant |
| DATE: 11/11/16 | DATE: November 11, 2016 |

So Ordered:

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

DATE: Nov 21, 2016

## Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISHAL BHAMMER,<br><br>            Plaintiff,<br><br>v.<br><br>LOOMIS SAYLES & COMPANY, INC.,<br><br><br>            Defendant. | Civil action No: 1:15-cv-14213-FDS |

UNDERTAKING OF _____

I, _____, acknowledge and state the following:

1. My current address is

_____.

2. Prior to receiving any documents or information designated as "CONFIDENTIAL" by any party in the above-reference action, I was provided a copy of the "Stipulation and Protective Order as To Confidential Information" (hereinafter "Stipulation and Protective Order"), which I have read and understand.

3. I agree to be bound by the terms of the Stipulation and Protective Order.

4. I agree not to discuss, disclose, or otherwise reveal information subject to the Stipulation and Protective Order to anyone, except persons who also are permitted to view the materials protected by the Stipulation and Protective Order.

B4616018.1

5. I will return all documents or information designated as "CONFIDENTIAL" which come into my possession and documents or things I have prepared relating thereto, to counsel of the party which provided such materials to me. I acknowledge that such return shall not relieve me of any continuing obligations imposed by the Stipulation and Protective Order.

6. I agree to submit to the jurisdiction of a court located in the Commonwealth of Massachusetts for purposes of enforcing this Undertaking.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

Dated:_____    Signature:_____